**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4390

LARRY BYRON RAPP,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William B. Traxler, Jr., District Judge.
(CR-96-820)

Submitted: May 18, 1999

Decided: June 2, 1999

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Timothy Sullivan, Greenville, South Carolina, for Appellant. E.
Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Byron Rapp was found guilty by a jury of conspiracy to distribute methamphetamine in violation of 21 U.S.C.A.§ 846 (West Supp. 1999). The jury found Rapp not guilty of possession of methamphetamine. Rapp's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that Rapp's appeal does not present any meritorious issues, but raising four issues: (1) the prosecutor violated 18 U.S.C.A. § 201(c)(2) (West Supp. 1999) by offering lenient sentences to two Government witnesses; (2) the verdicts are inconsistent; (3) the court erred by considering double hearsay in enhancing Rapp's offense level; and (4) counsel was ineffective for misplacing two items of evidence. Rapp was informed of his right to file a pro se supplemental brief and has not done so. Finding no reversible error, we affirm.

Rapp cites United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), for the proposition that Government prosecutors violated § 201(c)(2) by offering leniency to two of Rapp's co-conspirators in exchange for their testimony. This claim is meritless. Singleton has been rejected by the Tenth Circuit in an en banc opinion, see United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999) (en banc), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Mar. 31, 1999) (No. 98-8758), and we find the rationale of that opinion persuasive.

Insofar as the verdicts appear inconsistent, that inconsistency is no basis for vacating a verdict or ordering a new trial. See United States v. Powell, 469 U.S. 57, 64-65 (1984).

The court's reliance, in part, on double hearsay to enhance Rapp's offense level for obstruction of justice was not an abuse of discretion. At sentencing, the court may properly consider almost any information, including uncorroborated hearsay, so long as the defendant has an opportunity to rebut or explain. See United States v. Terry, 916 F.2d 157, 160-61 (4th Cir. 1990). Rapp testified at trial that he could not have made certain telephone calls to co-conspirators because he was at work. According to the presentence investigation report, an FBI agent reported that the owner of the business where Rapp

2

claimed to have been working at the time the incriminating phone calls were made did not recall whether Rapp worked for him. Rapp could have offered evidence at sentencing to rebut the FBI agent's report of the business owner's statement. Thus, the district court's admission of the statement was not error.

We do not review claims of ineffective assistance on direct appeal unless the record conclusively establishes that counsel did not provide effective assistance. See United States v. Smith , 62 F.3d 641, 651 (4th Cir. 1995). In this case, we do not so find. Rapp may pursue any such claims in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999).

Pursuant to the requirements of Anders, we have reviewed the record for potential error and have found none. Therefore, we affirm Rapp's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED